IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY L. BECKWITH, | : | Civil No. 3:16-cv-596 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| L.J. ODDO, | : | |
| Respondent | : | |

## MEMORANDUM

Petitioner, Timothy Beckwith, an inmate currently confined at the Federal Correctional Institution in Florence, Colorado, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Presently pending before the Court is Petitioner's motion for appointment of counsel. (Doc. 10). For the following reasons, the Court will deny the motion.

## Discussion

Although prisoners have no constitutional or statutory right to appointment of counsel in federal habeas corpus proceedings, *Coleman v. Thompson*, 501 U.S. 772, 752 (1991), the Court has broad discretionary power to appoint counsel to a financially eligible habeas petitioner if "the interests of justice so require. . ." See 18 U.S.C. § 3006A(a)(2);[1] *see also*

---

[1] Any person seeking relief under 28 U.S.C. §§ 2241, 2254 or 2255 may be provided counsel, "[w]henever the United States magistrate or the court determines that the interests of justice so require" and such person is "financially eligible." 18 U.S.C. § 3006A(a)(2).

*Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993), *aff'd*, 275 F.3d 33 (3d Cir. 2001). The United States Court of Appeals for the Third Circuit has stated that appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the Court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the petitioner's case has some arguable merit in fact and law. *Montgomery*, 294 F.3d at 499. If a petitioner overcomes this threshold hurdle, other factors to be examined are:

1. the claimant's ability to present his or her own case;
2. the difficulty of the particular legal issues;
3. the degree to which factual investigation will be necessary and the ability of the claimant to pursue investigation;
4. the claimant's capacity to retain counsel on his or her own behalf;
5. the extent to which the case is likely to turn on credibility determinations; and
6. whether the case will require testimony from expert witnesses.

*Montgomery*, 294 F.3d at 499 (citing *Tabron*, 6 F.3d at 155-57).

Assuming *arguendo* that the petition has merit, Petitioner fails to set forth any circumstances warranting appointment of counsel. *See Tabron*, 6 F.3d at 155-56. Petitioner seeks counsel based on his alleged mental instability, and because his "jailhouse

2

lawyer" was transferred to a different facility. (Doc. 10, p. 1).

Upon review of the habeas petition, it appears that Petitioner is capable of properly and forcefully prosecuting his claims with adequate factual investigation and appropriate arguments in support of his claims. Additionally, it appears that the claims in the habeas petition do not present complex legal or factual issues. *See Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991) (identifying merit and complexity of petitioner's claims as factors in whether to appoint counsel); *Blasi v. Attorney Gen.*, 30 F. Supp. 2d 481, 489 (M.D. Pa. 1998) (citing *Tabron*, 6 F.3d at 155-57). Furthermore, this Court's duty to construe *pro se* pleadings liberally, *Haines v. Kerner*, 404 U.S. 519 (1972), coupled with Petitioner's apparent ability to litigate this action, militate against the appointment of counsel. Therefore, the motion for appointment of counsel will be denied, however said denial will be without prejudice. If the Court determines that an evidentiary hearing should be held or if further proceedings otherwise demonstrate the need for counsel, the matter will be reconsidered either *sua sponte* or upon motion of Petitioner.

A separate Order follows.

Date: November 22, 2016

Robert D. Mariani
United States District Judge

3